LAW LIBRARY FUND
The Court Clerk is not authorized to charge $1.00 for the Law Library Fund in addition to the flat fee already provided for in Title 28. Rather, the Court Clerk must, when appropriate, deduct set aside the $1.00 library fee from the flat fee. The Court Clerk should set aside $1.00 from all civil cases where a flat filing fee is provided for in 28 O.S. 152 [28-152] (1969). One dollar ($1.00) should not be set aside for the Law Library Fund from fees put up in criminal cases or cases where the litigant has filed an affidavit in forma pauperis which has not been successfully challenged. The Attorney General has had under consideration your letter wherein, in effect, you asked the following questions: (1) Shall the Court Clerk collect, in addition to the flat fee, $1.00 for the Law Library Fund? (2) In which cases does the Law Library Fund receive the $1.00? In regard to your first question, the Law Library Fund was provided for in 20 O.S. 1202 [20-1202] (1969), which states in part: "On the commencement in, . . . the district court, . . . and any court of record of any county of this state, to which this Act applies, of any civil action, proceeding or appeal, the clerk of said court, on filing the first papers therein, shall set aside in a separate fund designated as the 'Law Library Fund' the sum of $1.00 as costs from any deposit for costs made by the party instituting or filing such civil action, proceeding or appeal; and, where no deposit for costs has been made by such party, or is insufficient, he shall be required to pay to the clerk of said court the sum of $1.00 as costs for said Law Library Fund, except where such actions or proceedings are filed or prosecuted in forma pauperis . . . ." (Emphasis added) Title 28 O.S. 151 [28-151] — 28 O.S. 161 [28-161] (1969), became effective July 1, 1968, and provided for court costs and filing fees. Title 28 O.S. 151 [28-151] (1969), provides: "From and after the effective date of this Act, it shall be the duty of the clerks of the District Court and other trial courts of record of this State to charge and collect the fees as herein provided, and none others, in all cases, except those wherein the defendant is charged with a misdemeanor or traffic violation, and except cases coming within the purview of the Small Claims Act." (Emphasis added) Title 28 O.S. 152 [28-152] (1969), provides in part: "In any civil action filed in District Court after the effective date of this Act, the court clerk shall be required to collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs, except as is herein otherwise specifically provided: "Actions for divorce, alimony without divorce, separate maintenance, custody or support ............ $15.00 Any ancillary proceeding to modify or vacate divorce decree or prior order providing for custody or support .................................... 2.00 Probate and guardianship ............................. 25.00 Any proceeding for sale or lease of real or personal property or mineral interest in probate or guardianship ............................... 5.00 Any proceeding to revoke the probate of a will ....... 15.00 Judicial Determination of Death ...................... 15.00 Adoption ............................................. 15.00 Civil Actions ........................................ 20.00 Any proceeding for postjudgment relief: for enforcement of judgment, including, but not limited to garnishment and attachment ................. 2.00 For postjudgment receivership, or for vacating a judgment ........................................... 10.00 All others, including, but not limited to, actions for forcible entry and detainer judgments from all other courts, including the State Industrial Court ................................................ 10.00" (Emphasis added) Section 28 O.S. 152 [28-152] continues to the effect that when a litigant files an affidavit in forma pauperis the flat fee is waived unless successfully challenged by counter affidavit sustained upon hearing. Title 28 O.S. 157 [28-157] [28-157] (1969), provides in part: "In those counties where newspaper fees and library fees are presently authorized by law, the clerk shall be entitled to deduct from the flat fee herein established whatever charges for the same as are presently authorized by law. " (Emphasis added) Reading the above quoted statutes together necessitates the following answer to your first question. The Court Clerk is not authorized to charge $1.00 for the Law Library Fund in addition to the flat fee already provided for in Title 28. Rather, the Court Clerk must, when appropriate, set aside the $1.00 library fee from the flat fee. In regard to your second question, the Court Clerk should set aside $1.00 from all civil cases where a flat filing fee is provided for in 28 O.S. 152 [28-152] (1969). One dollar should not be set aside for the Law Library Fund from fees put up in criminal cases or cases where the litigant has filed an affidavit in forma pauperis which has not been successfully challenged. This office has previously held in Attorney General's Opinion No. 69-137 that: "Under 12 O.S. 1764 [12-1764] (1968), a fee of $3.00 is charged and collected for the filing of the affidavit for the commencement of any action, or for the filing of any counterclaim or set-off under the provisions of the small claims procedure act. It is the opinion of the Attorney General that 20 O.S. 1202 [20-1202] (1968) is applicable and $1.00 should be set aside for the Law Library Fund from the fee collected for the filing of an action, counterclaim or set-off under the provisions of the small claims procedure act." (William M. Bonnell)